## Updegraff, to use of Slate *et al.*, *versus* Rowland.

1. Fulmer confessed judgment to Slate, part of the amount to secure creditors of Fulmer who were named, and the balance to secure Slate. As collateral security for the judgment, Fulmer assigned a claim against an insurance company, for which he afterwards recovered judgment. The claim had been attached by a judgment-creditor of Fulmer & Co. (of whom Fulmer was a partner), whose debt if recovered would leave more due on the judgment against the company, than would pay all the creditors of Fulmer secured by his judgment to Slate. *Held*, that one of the secured creditors was a competent witness in a contest between the attaching creditor and Slate.

2. Fulmer himself was a competent witness, as he could neither gain nor lose by securing the fund to the one or the other.

3. The claim was originally owned by Fulmer & Co., and the suit against the company being in their name, was marked to the use of Slate on the docket by their attorney. The court charged that if it was so marked at the instance of Fulmer without the assent of the other partners, and without any consideration being shown, it was inoperative and void against the creditors of the firm. *Held*, that this instruction was correct.

ERROR to the Court of Common Pleas of *Lycoming county*.

This was an attachment execution issued September 18th 1858, by Palatial S. Rowland against Joseph S. Wonderly, J. H. Fulmer, Jacob Hyman and C. A. Stancliff, trading as J. H. Wonderly, in which The Franklin Fire Insurance Company were garnishees. George Slate and Solomon Moyer were afterwards admitted as defendants. The same individuals were also doing business under the firm of J. H. Fulmer & Co.

On the 8th of April 1858, judgment was entered on a single bill for $13,550.25, in favour of Slate and Moyer against J. H. Fulmer. On the 16th of same month, Fulmer, and Slate and Moyer entered into an agreement, reciting the judgment, and declaring that the judgment to the extent of $6239 was for the use of divers creditors of Fulmer named, of whom Jesse Fulmer was one, and the balance, $7311.25, to indemnify Slate and Moyer for liabilities which they had assumed for Fulmer. This agreement was filed of record the next day. A suit was brought, August 28th 1858, by Updegraff & Co., and others, to the use of J. H. Fulmer & Co., to recover the insurance for loss by fire against the Franklin Fire Insurance Company. This suit, September 15th, Mr. White, attorney for the plaintiff, marked on the docket for the use of Slate and Moyer, and the attachment was issued on a judgment for $815.29, recovered on the 17th of same month against the defendants, trading as J. H. Wonderly. A verdict in the suit was recovered against the insurance company, October 12th 1861, for $11,925. As garnishees in the attachment, the company, by their plea, averred that they had paid to J. H. Fulmer & Co. $8000 of the judgment, and were ready to pay over the balance to whomsoever might be entitled to it, according to the judgment of the court.

[Updegraff *v.* Rowland.]

The contest in the attachment was between Rowland, and Slate and Moyer.

On the trial before Jordan, P. J., the defendants offered the deposition of Jesse Fulmer to prove the "verbal assignment" of the policy of insurance by the other members of the firm of Fulmer & Co. to J. H. Fulmer, after the fire, and before the issuing of the attachment; that the assignment was reduced to writing in December following, and that notice of both the verbal and written assignment was given to the insurance company. Defendants also offered J. H. Fulmer to prove that the claim against the insurance company was assigned by Fulmer & Co. to J. H. Fulmer by parol, and by him to Slate and Moyer by parol, before service of the attachment.    Defendants also offered to prove that the firm of J. H. Wonderly was a distinct and different firm from J. H. Fulmer & Co.: engaged in a different business, and in a different place; kept separate books, and had no interest in the effects of J. H. Fulmer & Co.

These offers were severally rejected and exception taken.    The court charged as stated in the specifications of error, and the jury found a verdict against the insurance company as garnishee for $1068.43.

The errors considered in the Supreme Court were, rejecting the offers above stated, and the answers to the points of the plaintiff, viz.:

1. "That if the jury believe tne entry on tne docket made by George White, by direction of J. H. Fulmer, on the 15th of September 1858, 'for the use of George Slate and Solomon Moyer,' was made for the purpose of hindering and delaying the creditors of J. H. Fulmer & Co., the plaintiff in this case is entitled to recover."

Answer: "The law is as stated on this point.    Fraud vitiates everything into which it enters, and if the jury believe the entry made on the record by George White, Esq., by direction of J. H. Fulmer, was made for the purpose stated in this point, the entry will not prevent plaintiff's recovery."

2. "That the said entry upon the docket having been made by the attorney at the instance of J. H. Fulmer, without the assent or agreement of the other copartners owning said claim, and without any consideration paid therefor being shown, is inoperative and void as against the creditors of the firm of J. H. Fulmer & Co., and as against the plaintiffs in this case."

Answer: "This is affirmed, if the facts are as stated in this point."

3. "That under all the evidence in this case the plaintiff is entitled to recover."

Answer: "This instruction we cannot give.    If you find the entry was made. at the instance of J. H. Fulmer, without the

[Updegraff v. Rowland.]

assent or agreement of the partners owning said claim, and without any consideration paid therefor being shown, the court are of opinion the entry, which may be treated as an assignment, is inoperative and void. You are to determine the facts."

*J. & W. H. Armstrong*, for plaintiff in error, cited 1 Greenlf. Ev., § 390, 408; Bennett v. Hethington, 16 S. & R. 195, 196; Taylor v. Gitt, 10 Barr 430; Youst v. Martin, 3 S. & R. 427, 431; Seitzinger v. Ridgway, 4 W. & S. 472; Jones v. Brownfield, 2 Barr 55; Hays v. Gudykunst, 1 Jones 224; Gordon v. Bowers, 4 Harris 226; Gillespie v. Miller, 1 Wright 251; Levering v. Phillips, 7 Barr 389; Willard's Equity 426; Layman v. Beam, 6 Wh. 185; McCormac v. Hancock, 2 Barr 310; Baldy v. Brady, 3 Harris 108; Lucas v. Laws, 3 Casey 211; Leonard v. Winslow, 2 Grant 142; 2 Story's Eq. Juris., § 1055; Penna. Railroad v. Zebe, 9 Casey 318.

No paper-book for defendant in error was furnished to the reporter.

The opinion of the court was delivered, May 1866, by

READ, J.—The main question in this case is, whether there was a valid assignment of the claim of the defendants on The Franklin Fire Insurance Company of Philadelphia to George Slate and Solomon Moyer prior to this attachment-execution. As a part of the testimony to prove its validity, the deposition of Jesse Fulmer was offered in evidence, objected to and rejected. In this there was error, for his interest as a creditor was very remote, and the payment of his debt was secured beyond all doubt, whatever was the termination of the present suit.

In the rejection of J. H. Fulmer there was also error, for he was a competent witness for some purposes at least, and between the claimants he was indifferent, and he could neither gain nor lose by securing the fund or part of it to either the one or the other.

The court was also in error in their answer to the plaintiff's 1st point, for there was no evidence of fraud to justify the court in submitting it to the jury.

The answers to the plaintiff's 2d and 3d points were correct.

The same defendants used two names under which they traded in the same place and in the same vicinity, separated only by an alley. Their liability was fixed by the judgment, and we cannot say the court was in error in rejecting the evidence stated in the 3d assignment of error.

We think there is nothing in the 6th and 7th errors requiring remark, for upon another trial upon the admission of the rejected evidence there will probably be a different aspect given to the case.

Judgment reversed, and a *venire de novo* awarded.